## LANDRY *vs.* STANSBURY.

APPEAL FROM THE COURT OF THE SECOND JUDICIAL DISTRICT, THE JUDGE THEREOF PRESIDING.

No recovery can be had of the endorser, if demand of payment be not made on the maker, or on his heirs or legal representatives, if he be dead, unless the impossibility of making such demand is shown.

Where the maker of the note is dead on the day it is due and payable, and an administrator is appointed, it is unnecessary to make a demand on him, in order to bind the endorser, because he is not authorized to pay any claim against the estate until the expiration of a certain period of time.

This is an action against the endorser of the following promissory note :

$2000.            " DONALDSONVILLE, (La.) Nov. 11th, 1830.

" In all the month of March, 1834. I promise to pay to Mrs. Maria Stansbury, or order, the sum of two thousand dollars, for value received."

"FRANCIS A. BOND."

Endorsed, " Maria Stansbury."

The plaintiff alleges, that when said note became due and payable, to wit, on the 3d April, 1834, it was presented at the domicil of the drawer, and payment demanded, and there being no funds there to pay the same, it was protested by a notary, for non-payment, and due notice thereof given to the defendant. He prays judgment for the amount of the note, interest and costs.

The defendant admitted her signature, and pleaded a general denial. She further averred, that she was not liable as endorser, because the note was not legally protested, and that she was not legally notified thereof.

The notary states in his protest, that on the day the note became due, he went to the domicil or residence of the drawer, where he found no white person on the premises, and the doors of the house fastened. He then protested the note, and deposited the notice of protest in the post-office of the parish where the endorser resided, enclosed and directed to her in a letter.

The evidence showed that Francis A. Bond, the maker, died, and that Narcisse Landry, the plaintiff and holder of the note sued on, was appointed administrator of his estate on the 11th day of January, 1834. It was admitted that the only demand of payment was made at the late domicil of

EASTERN DIST. the deceased, as stated in the protest. No demand was made
February, 1837. of the administrator, who was himself the holder of the note.

LANDRY        Upon this evidence the district judge rendered judgment
vs.
STANSBURY.    for the plaintiff, and the defendant appealed.

*Adolphe Seghers*, for the plaintiff, maintained that the ·
judgment was correct. The demand of payment was
properly made at the drawer's residence, after he had died,
when it is not shown he had left any heirs in the state. A
demand on the administrator was unnecessary, as he was
the holder. If the banker is himself the holder, it ·is
sufficient for him to see whether he has sufficient funds. 10
*Martin*, 18, 645. *Pothier, contrat de change, No.* 146. *Chitty
on Bills*, 268. *Bayley do.*, 128.

*Ilsley, contra*, relied on the case of *Toby* vs. *Maurian*, 7
*Louisiana Reports*, 493.

*J. Seghers*, for the plaintiff, argued and cited authorities
to show that notice of protest in this case was regular.

*Martin, J.*, delivered the opinion of the court.

The defendant, sued as endorser of a promissory note, is
appellant from a judgment against her, and seeks to be re-
lieved under an allegation that no demand was made from
the drawer or his representative, and that no legal· notice
was given to her.

The facts of the case are these : The drawer died, and an
administrator was appointed to his estate before the date or
period at which the note became payable. On that day the
notary went to the domicil, or late residence of the drawer,
but found no white person on the premises; and he certified
that notice was served on the defendant by a letter directed
to her, in the parish of Ascension, and deposited in the post-
office at Donaldsonville, on the day following that of the
protest.

The reversal of the judgment is claimed on the authority
of the case of *Toby* vs. *Maurian*, 7 *Louisiana Reports*, 493 ; in

which we held that "no recovery can be had of the endor-
ser, until demand of payment has been made on the drawer
or maker, or on his heirs or legal representatives, if he be
dead, unless the impossibility of making such a demand be
shown." In that case, there had been no administrator or
curator appointed to the estate of the drawer. The demand,
therefore, might have been made of his heir or widow in
community. In the present instance, there was an ad- No recovery
ministrator legally appointed, contrarily with whom alone can be had of
the endorser, if
all claims against the estate were to be settled. In the case demand of pay-
ment be not
of *Hale* vs. *Burr*, 12 *Massachusetts Reports*, 86, the Supreme made on the
maker, or on his
Court of that state decided, that when the legal representa- heirs or legal
tive of an estate is prohibited by law from paying any claim representatives,
if he be dead,
against it until after the expiration of a twelve-month, no unless the im-
possibility of
demand need be made on him for the payment of any note making such de-
of the deceased, becoming payable within that time, in order mand is shown.
to charge the endorsers. Administrators in this state being Where the
maker of the
under a similar prohibition, it follows, that the demand on note is dead on
the day it is due
them would be nugatory, as they are under no legal or moral and payable, and
obligation to comply therewith. *Lex neminem corgit ad vana.* an administrator
is appointed, it
This case is very different from that of Toby. vs. Maurian, is unnecessary
to make a de-
and cannot be distinguished from that of the case of Hale mand on him, in
vs. Burr, decided by the Supreme Court of Massachusetts order to bind the
endorser, be-
referred to. cause he is not
authorized to
The notice appears to us to have been legally given. pay any claim
against the es-
tate until the ex-
It is, therefore, ordered, adjudged and decreed, that the piration of a cer-
tain period of
judgment of the District Court be affirmed, with costs. time.